## FARMER v. TILLAR FIDELITY CO.
### (No. 11674.)

Court of Civil Appeals of Texas. Fort Worth.
Feb. 19, 1927.

**1. Landlord and tenant ☞230(2)—In action for rent, allegations of cross-action respecting misrepresentation, breach of covenant, and oral agreement to reduce rent held to set up payment.**

In action to recover rent for building leased defendant as business school, allegations of cross-action respecting misrepresentation as to fitness for school, breach of covenant for quiet enjoyment by reason of offensive smoke, gases, and odors, causing financial losses to defendant, and respecting oral agreement to reduce rent, *held* to present plea of payment in part at least, notwithstanding statute of frauds.

**2. Landlord and tenant ☞230(8)—General denial in action for rent authorizes objection to testimony to amount due and counterproof.**

Where defendant interposes general denial in action to recover rent, he may object to testimony to show amount claimed to be due and introduce counterproof on that issue.

**3. Pleading ☞204(5)—Sustaining general demurrer to answer good in part held error.**

In action to recover rent where answer and cross-action presented plea of payment at least in part, and general denial authorized contest on issue of amount due, sustaining general demurrer to entire answer *held* error.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by the Tillar Fidelity Company against C. E. Farmer, in which defendant filed a cross-action. From a judgment for plaintiff, defendant appealed and judgment was affirmed. On motion for rehearing. Motion sustained, former order affirming judgment set aside, judgment reversed, and cause remanded.

John L. Poulter, of Fort Worth, for appellant.

A. J. Clendenen, of Fort Worth, for appellee.

DUNKLIN, J. The Tillar Fidelity Company sued C. E. Farmer to recover rentals on the second story of a building situated in the city of Fort Worth which the defendant had rented for the purpose of maintaining a business college for the instruction of young men and women. The lease contract was executed by B. J. Tillar, as trustee of the estate of J. T. W. Tillar, deceased, as lessor and by the defendant, C. E. Farmer, as lessee, on September 8, 1921. It demised to the defendant the second story of a certain two-story building on Main street in Fort Worth for a period of three years, to begin on January 1, 1922, and to terminate on December 31, 1924. It further stipulated that the defendant promised to pay the total sum of $5,400 for the lease in equal monthly installments, the first to be paid January 1, 1922, and one installment on the 1st day of each and every month thereafter during the period covered by the lease. It was alleged in the petition that defendant took possession of the property in accordance with the terms of the lease and used it until September 1, 1924. It was further alleged that the total rents accruing up to the last-named date was the sum of $3,800, and that the defendant had paid thereon the sum of $3,400, leaving a balance of rents due and unpaid up to the 1st day of September, 1924, in the sum of $1,450, for which plaintiff sued. It was further alleged that said B. J. Tillar departed this life on September 7, 1923, and thereafter plaintiff was duly and legally appointed trustee to succeed said Tillar, and is now duly qualified and acting trustee of said estate.

The defendant filed an answer to the petition, consisting of a general demurrer, a general denial, and a special answer of great length. The special answer contained allegations to the effect that plaintiff by its duly authorized agent and representative, T. B. Van Tuyl, represented to the defendant that the premises so leased to him were suitable for business offices and for business college quarters where young ladies and young men might be instructed in comfortable and pleasant surroundings, for which purpose the defendant desired the premises; that in fact, according to further allegations in the answer, said representations were false and known to the agent to be false, and the falsity thereof was unknown to the defendant in the following particulars: The lower floors situated under the leased premises were then occupied by another tenant under a lease from plaintiff; plaintiff assured the defendant that the lower floor was properly used, in accordance with the law, and that all appliances, kitchen equipment, and flues and pipes and fans were in accordance with the city ordinances of the city of Fort Worth, when in truth they were not properly and lawfully equipped and used, and defendant could not ascertain their true condition by preliminary inspection, and the same was only discovered by him after he entered the premises.

It was further alleged that plaintiff through its representatives declared that the nine skylights in the leased premises were so constructed as to make the same comfortable and pleasant both in summer and winter and suitable the year round for the use to which the defendant desired to put them, when in truth and in fact they were improperly constructed so as in winter the cold air could not be cut out and in summer the intense heat of the sun gathered by immovable glass rendered the premises uncomfortable and unfitted for the purposes desired.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The following stipulation in the written lease was alleged:

"And said lessor covenants and agrees with the said lessee that said lessee (defendant) shall lawfully, peaceably, and quietly hold, occupy, and enjoy said premises during said term without any let, hindrance, ejection, or molestation by said lessor or person or persons lawfully claiming under him."

The defendant alleged a breach by the plaintiff of that covenant by reason of the following facts alleged: During the first month of defendant's occupancy of the premises, he having already paid $150 rent to cover that month, the defendant began to be annoyed by smoke and odors of an offensive nature to the smell and irritation to the eyes. Said odors and smoke on investigation was found to be coming up from the restaurant below, which was being operated by plaintiff's tenant of the first floor of the building. Said smoke and odors were driven from the first floor under the windows of defendant's premises and from there passed into the premises of defendant. The flue constructed on the lower floor of the building was of insufficient capacity and too low to carry off such smoke, and the same was driven out into the open by means of an electric fan, in violation of the city ordinance. The odors and smoke continued from day to day to enter defendant's premises and greatly molested him and his pupils and damaged his business. Immediately on his discovery of said nuisances, the defendant complained to plaintiff's agent and requested that the same be abated, which request was refused, on the ground that it was not the duty of the plaintiff to correct or abate the nuisances. From and after the time said request was made and refused, the defendant continued to occupy the property and to suffer damages from said nuisances; the damages consisting of loss of patronage from his pupils theretofore attending his school, and the loss of other prospective pupils who would otherwise have attended the school, thereby resulting in financial loss.

According to further allegations in the answer, on June 22, 1922, defendant again complained to the plaintiff of the nuisances and at that time paid up all rents owing to the plaintiff up to July 1, 1922, and notified plaintiff at that time of his intention to surrender the premises and terminate the lease, at the same time tendering the premises to the plaintiff. After alleging the facts above noted, the answer contained the following:

"That plaintiff the said $225 accepted, but declined to receive the said premises on the surrender of the defendant. That the defendant then served notice on the plaintiff he would move out, or, in the alternative, he would pay only $100 per month for the said premises, provided the said nuisances were abated. Which proposition was accepted by the plaintiff, and

which oral agreement was made subsequent to the lease herein sued on.

"Defendant further shows and pleads that thereafter the plaintiff waived his lease covenant and conditions whereby he was entitled to re-enter said premises after rent remained unpaid for five days. That defendant stood ready to surrender said premises on demand of the plaintiff and refused to pay further rent till August 10, 1922, and that thereafter the plaintiff accepted the $100 per month rental regularly from the defendant which the defendant regularly tendered, wherein and whereby the defendant was not and is not further obligated to pay $150 per month rental to the plaintiff as before required by the terms of original lease, and said lease was so modified upon sufficient consideration."

It was further alleged that during the latter part of the year 1922 the plaintiff, in further violation of the covenants of quiet and peaceable occupation and enjoyment of the said leased premises by the defendant, permitted the tenant of the said lower floor, lawfully holding under the plaintiff, and without the consent of the defendant, to erect, construct, and place in operation a charcoal raw meat burner or broiler directly under the front windows on Main street of the premises of the defendant; that on said charcoal burner plaintiff permitted charcoal to be burned and raw meat to be cooked, burned, and smoked therein and thereon day and night for nearly two years; that from said broiler, burning charcoal gas, offensive and sickening odors of burning meat and grease and smoke and heat arose and permeated the premises of the defendant, to the great annoyance, discomfort, and damage of the defendant and his pupils, and financial loss resulted therefrom; that plaintiff failed and refused to abate such nuisance, although requested so to do by the defendant.

All of those facts were pleaded as a basis for the defendant's cross-action to recover damages of the plaintiff, as well as defensive matter to plaintiff's suit. The court sustained several special exceptions to defendant's special answer, referred to above; one of said exceptions invoking the statute of frauds, as a defense to the alleged modification of the lease. Thereafter, a general demurrer to the entire answer was sustained, and, the defendant declining to amend the answer in any respect, the special answer was stricken out. The court then heard evidence on plaintiff's petition and rendered judgment in its favor for $1,450, in accordance with an instructed verdict of the jury. Defendant has appealed.

[1, 2] Irrespective of all other questions involved, we have reached the conclusion that the language quoted above from defendant's answer was sufficient to present the plea of payment, in part to say the least, of the debt which plaintiff claimed to be due and for which judgment was rendered. It is to be observed further that defendant's entire an-

swer, which included a general denial as well as special defenses and a cross-action, was stricken out. Under the general denial, the defendant would have been permitted to urge objection to testimony tending to show the amount claimed by plaintiff to be due and to introduce counterproof on that issue. In the absence of such plea, the judgment was essentially one by default.

[3] Under such circumstances, we have reached the conclusion that the rulings of the trial court sustaining the general demurrer to the entire answer was erroneous, and that the judgment must be reversed and the cause remanded. Other questions involved will not be discussed, since a determination of them is not necessary to the conclusion already reached, and since in all probability the defendant's pleadings will be amended before the case is again tried.

Accordingly, appellant's motion for rehearing is sustained, the order heretofore made by this court affirming the judgment of the trial court is set aside, and the judgment of the trial court is reversed and the cause is remanded for another trial. The opinion heretofore filed upon original hearing is hereby withdrawn and this opinion is filed as a substitute therefor.